[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 281.]

OFFICE OF DISCIPLINARY COUNSEL *v*. STANLEY.

[Cite as *Disciplinary Counsel v. Stanley*, 1996-Ohio-271.]

*Attorneys at law—Misconduct—Permanent disbarment—Conduct prejudicial to the administration of justice—Conduct adversely reflecting on fitness to practice law—Neglect of an entrusted legal matter—Failure to timely apply for termination of probation—Failure to cooperate in investigation of alleged misconduct—Failure to register as an attorney.*

(No. 95-1672—Submitted September 27, 1995—Decided January 10, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-80.

_____

{¶ 1} In a complaint filed on December 5, 1994, relator, Office of Disciplinary Counsel, charged respondent, Christopher Danahy Stanley of Cleveland, Ohio, Attorney Registration No. 0034113, with nine counts of professional misconduct, involving violations of, *inter alia*, DR 1-102(A)(5) (conduct prejudicial to the administration of justice), 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), and 6-101(A)(3) (neglect of an entrusted legal matter), as well as Gov.Bar R. V(9)(D) ( failure to timely apply for termination of probation), V(4)(G) (failure to cooperate in investigation of alleged misconduct), and VI (failure to register as an attorney). Respondent was served notice of the complaint, but did not answer. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on relator's motion for default, filed pursuant to Gov. Bar R. V(6)(F).

{¶ 2} Evidence submitted in support of the motion for default established with respect to Count I that respondent previously received a six-month suspension from the practice of law, which was stayed on the condition that he complete a two-

year monitored probation period. See *Cleveland Bar Assn. v. Stanley* (1990), 50 Ohio St.3d 18, 552 N.E.2d 201. Respondent did not reapply for admission to the Ohio Bar as required at the end of his probation.

{¶ 3} With respect to Count II, the evidence established that respondent failed to supply subpoenaed documents during relator's investigation, including certain monthly banking statements for his attorney trust account. Respondent also refused to answer relator's questions about his late registration as an attorney and whether he had made the restitution ordered in conjunction with his earlier misconduct.

{¶ 4} With respect to Count III, the evidence established that Elverett James Earl Williams retained respondent in the fall of 1992 to challenge Williams's criminal conviction in federal court. By January 1993, Williams had paid respondent half of their agreed-upon ten thousand dollar fee, which was to include respondent's pursuit of the matter to the United States Supreme Court. Since January 1993, respondent has ignored Williams's efforts to learn the status of his case and has not returned the unearned fees. Respondent apparently also failed to reply to relator's certified letters of inquiry about Williams's grievance.

{¶ 5} With respect to Count IV, the evidence established that respondent failed to register timely as an Ohio attorney or to timely pay his registration fees for four out of the last five biennium periods. Moreover, respondent was not registered at all for more than forty months during the years 1985 through 1993, yet he continued to practice law in this state.

{¶ 6} With respect to Count V, evidence established that Willis Williams, an inmate at the Mansfield Correctional Institute, paid respondent five hundred dollars in 1993 to assist him in advancing his parole hearing. Although respondent cashed the payment check immediately, he ignored Williams's repeated efforts to learn the status of his case, as well as Williams's letter requesting a refund.

**{¶ 7}** With respect to CountVI, the evidence established that Jackie Taylor retained respondent in 1994 to defend Taylor in a criminal case. When respondent failed to return Taylor's telephone calls, Taylor was forced to retain other counsel. Respondent has not refunded the fees Taylor paid and, apparently, failed to reply to relator's certified letters of inquiry about Taylor's grievance.

**{¶ 8}** With respect to Count VII, the evidence established that Clarence Kennedy paid respondent $2,400 to file a brief in the United States Supreme Court. Respondent apparently wrote the brief, but did not file it, and he subsequently stopped returning Kennedy's telephone calls. Kennedy filed a grievance with the Cleveland Bar Association, which transferred Kennedy's grievance to relator after respondent ignored its requests for information. Respondent evidently did not claim relator's certified letters of inquiry about Kennedy's grievance.

**{¶ 9}** With respect to Count VIII, the evidence established that David W. Byers retained respondent in January 1977 to file a civil rights action on his behalf. Respondent filed the suit in June 1977, but failed to prosecute the matter, which was dismissed after he did not respond to a motion to dismiss. Respondent subsequently attempted to refile the case, but it was dismissed again due to respondent's failure to file it timely. In September 1984, respondent signed a note agreeing to repay the one thousand dollars Byers had paid for filing fees, but never made the promised payment. Byers filed a grievance with the Cleveland Bar Association, and respondent apparently failed to reply to its letters of inquiry. The Cleveland Bar Association transferred Byers's grievance to relator, but respondent also failed to reply to relator's certified letters of inquiry about Byers's complaints.

**{¶ 10}** With respect to Count IX, the evidence established that Leslie Morgan paid respondent $2,400 in July 1991, apparently to file at least two appellate briefs. Morgan discovered an error in one of the briefs and attempted to contact respondent to correct it, but respondent would not return the messages left at his home and office. Morgan filed a grievance against respondent with the

Cleveland Bar Association, which transferred the case to relator when respondent did not reply to its request for information. Respondent also failed to reply to relator's certified letters of inquiry about Morgan's grievance.

{¶ 11} The panel determined that relator had satisfied the requirements of Gov.Bar R. V(6)(F) and granted the motion for default, finding that respondent had committed the cited misconduct. Having no mitigating evidence before it, the panel recommended that respondent be permanently disbarred, the sanction suggested by relator. The panel imposed this sanction due to "[r]espondent's infractions in the current complaint, his prior disciplinary infraction [see Gov.Bar R. V(6)(C)], his neglect of his obligations as a lawyer licensed in the State of Ohio and his disdain for the disciplinary process."

{¶ 12} The board adopted the panel's report, including its findings of fact, conclusions of law and recommendation for permanent disbarment.

————————————

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

————————————

*Per Curiam*.

{¶ 13} Upon review of the record, we concur in the board's findings that respondent violated DR 1-102(A)(5), 1-102(A) (6), and 6-101(A)(3), as well as Gov.Bar R. V(9)(D), V(4)(G), and VI. We also agree with the sanction recommended for this misconduct. Respondent is therefore permanently disbarred from the practice of law in Ohio.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————